## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:14-cv-02653-SVW-E | Date | May 19, 2014 |
|----------|---------------------|------|--------------|

| Title | THR California, L.P. v. Paola Guasp, et al. |
|-------|---------------------------------------------|

## JS - 6

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|------------------------|----------------------------------------|

| Paul M. Cruz | N/A |
|--------------|-----|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|-----------------------------------|-----------------------------------|
| N/A | N/A |

**Proceedings:**      IN CHAMBERS ORDER REMANDING CASE TO STATE COURT

Plaintiff THR California, L.P. filed an unlawful detainer action in the Los Angeles County Superior Court against defendants Paolo Guasp and five other individuals on November 13, 2013. Around January of 2014, Blanca E. Caldera filed an answer to the unlawful detainer and a prejudgment claim of right of possession, stating that she is a bona fide tenant of the property in question pursuant to a written lease. On April 8, 2014, Ms. Caldera removed the case to this Court, alleging federal jurisdiction on the ground that the unlawful detainer action arises in or is related to a bankruptcy case over which the district court has jurisdiction. *See* 28 U.S.C. § 1334(b) & § 1452(a).

On April 16, 2014, the Court set an initial status conference for May 19, 2014, at 3:00 p.m. The order requiring attendance at the conference was mailed to defendant Caldera by first class mail at the address she placed on her Notice of Removal (which is the same address that is the subject of the unlawful detainer action). On May 19, 2014, at 3:00 p.m., the status conference was held. Counsel for plaintiff appeared but Caldera did not. Nor did Caldera contact the Court clerk.

Plaintiff represented that defendant was the debtor in *In re: Blanca E. Caldera*, Central District of California Bankruptcy Court Case No. 2:13-bk-35241-RK. The docket for that case shows that Caldera filed a voluntary petition under Chapter 7 on October 16, 2013, and the case was closed without discharge on March 31, 2014. Plaintiff also represented that the Bankruptcy Court issued an order granting it relief from the bankruptcy stay, which is confirmed by that court's order of March 12, 2014, available on the public docket (BK ECF No. 26.)

28 U.S.C. § 1441 governs removal jurisdiction. There is a "strong presumption" against it.

| | : | |
|---|---|---|
| Initials of Preparer | | PMC |

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-02653-SVW-E | Date | May 19, 2014 |
|----------|---------------------|------|--------------|

| Title | THR California, L.P. v. Paola Guasp, et al. |
|-------|----------------------------------------------|

JS-6

*Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).  In seeking removal, defendant bears the burden of establishing jurisdiction.  *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986).  She must show that jurisdiction existed "at the time of removal."  *Allen v. F.D.I.C.*, 710 F.3d 978, 984 (9th Cir. 2013).  Here, the bankruptcy case to which this unlawful detainer action allegedly relates had terminated prior to removal of the action from state court.  Therefore, the Court lacks jurisdiction over this case.  *Cf. In re Valdez Fisheries Dev. Ass'n, Inc.*, 439 F.3d 545, 547-48 (9th Cir. 2006) (finding no bankruptcy jurisdiction over "a proceeding initiated subsequent to the dismissal of the bankruptcy case").

      For the foregoing reasons, the Clerk shall REMAND this case to the Los Angeles County Superior Court.

                               :

Initials of Preparer                PMC